IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MORRIS BUCKLES,<br><br>Petitioner,<br><br>vs.<br><br>FORT PECK ASSINIBOINE & SIOUX TRIBES,<br><br>Respondents. | CV 15-79-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 18, 2015, Morris Buckles filed a petition seeking a writ of habeas corpus under 25 U.S.C. § 1301, et. seq., the Indian Civil Rights Act. (Doc. 1). Buckles was a tribal prisoner proceeding pro se.

On September 23, 2015, the undersigned ordered Buckles to show what steps had he had taken to exhaust his claims within the tribal court system. (Doc. 2). Buckles timely responded. (Doc. 3). This matter is ready for adjudication.

## I.  Background

The Court set forth a general background of this case in its Order to Petitioner to Show Cause. (Doc. 2). Buckles's Response to the Order (Doc. 3) sheds some additional light on his overall plight, but he failed to reference any steps he has undertaken to attempt to exhaust his claims in tribal court. Additionally, while Buckles was initially incarcerated in the Adult Correctional

1

Facility in Poplar, Montana, he is no longer in custody. (Doc. 3 at 1).

**Analysis**

25 U.S.C. § 1303 authorizes any person "detained" by an order of an Indian Tribe to test the validity of that detention in the federal courts by way of a writ of habeas corpus. Buckles argues that for purposes of his habeas petition, he is "detained" under the meaning of 25 U.S.C. § 1303. The undersigned agrees. (Doc. 2 at 3). Buckles then argues that this Court is attempting to improperly impose non-habeas exhaustion requirements on him and that absolute exhaustion should not be required for this Court to entertain his pretrial habeas petition. (Doc. 3 at 7-8).

Buckles is correct that under certain narrow circumstances, courts have considered pretrial habeas petitions. *Means v. Northern Cheyenne Tribal Court*, 154 F. 3d 941, 949 (1998) (rev'd on other grounds, *United States v. Enas*, 255 F. 3d 662 (9th Cir. 2001)). Means, a non-member Indian, attempted to raise a jurisdictional challenge to his prosecution by the Northern Cheyenne. The tribes conceded that a pretrial habeas petition could be reviewed under "special circumstances" but argued that Means had not demonstrated such circumstances. *Means*, 154 F. 3d at 949, citing *Carden v. Montana*, 626 F. 2d 82, 83 (9th Cir. 1980). While the Circuit affirmed the district court's exercise of jurisdiction over Means's pretrial habeas petition, it also observed that in relation to exhaustion,

Means had, in fact, presented his jurisdictional argument to both the tribal court and the Northern Cheyenne Court of Appeals, both of which denied his claim, prior to his filing in federal court. *Id*. Noting that Means met the exhaustion requirement, the Circuit reaffirmed that the purpose of exhaustion is "to promote 'tribal self-government and self-determination' by allowing tribal courts to 'have the first opportunity to evaluate the factual and legal bases for the challenge to [their] jurisdiction.'" *Id*., citing *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 15-16 (1987). Thus, despite Buckles's protestations to the contrary, the Supreme Court's rationale that a federal court should not entertain tribal court challenges until a petitioner has exhausted the remedies available in tribal court does apply in the context of habeas cases under ICRA.

Buckles cites *Selam v. Warm Springs Tribal Correctional Facility*, 134 F. 3d 948 (1998), for the premise that exhaustion is not a rigid requirement, but rather a flexible one. (Doc. 3 at 4-5). There the Court examined Selam's case and found Selam failed to show that exhaustion would be futile or that the tribal court of appeals offered no adequate remedy. *Selam*, 134 F. 3d at 954. In this case, it would be premature for Buckles to attempt to make such a showing, much less for this Court to attempt to make such a finding. By his own admission, Buckles has not even proceeded to trial.

Moreover, in *Selam* the Ninth Circuit explained:

3

> The Supreme Court's policy of nurturing tribal self-government strongly discourages federal courts from assuming jurisdiction over unexhausted claims. Additionally, [a] federal court's exercise of jurisdiction over matters relating to reservation affairs can . . . impair the authority of tribal courts. Considerations of comity, along with the desire to avoid procedural nightmares, have prompted the Supreme Court to insist that the federal court stay[ ] its hand until after the Tribal Court has had a full opportunity . . . to rectify any errors it may have made. The Supreme Court specifically has instructed us to require exhaustion of tribal appellate court remedies in situations like this one because [t]he federal policy of promoting tribal self-government encompasses the development of the entire tribal court system, including appellate courts.

*Selam*, 134 F.3d at 953 (internal citations and quotation marks omitted).

Examination of Buckles's claims should first be conducted by the tribal court. The policy of tribal self-government supports this determination. The record before the Court, including Buckles's response to the Order to Show Cause, indicates that Buckles has not exhausted his tribal remedies. Thus, this Court should stay its hand until the tribal court has had a full opportunity to exercise its jurisdiction over Buckles's claims. *Strate v. A-1 Contractors*, 520 U.S. 438, 449 (1997).

### II. Certificate of Appealability

A certificate of appealability does not appear to be required in this matter. *See generally*, 28 U.S.C. § 2253. To the extent that one is required, it is denied for the reasons contained herein.

Based on the foregoing, the Court enters the following:

4

# RECOMMENDATION

1. Mr. Buckles's petition (Doc. 1) should be **DISMISSED** for failure to exhaust tribal remedies.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Buckles may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Buckles must immediately notify the Court of any change in her mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to her.

DATED this 11th day of January, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.